OPINION OF THE COURT
Elliott Golden, J.
Defendants, co-owners of an automobile wrecking and salvage company, are both charged with three counts of criminal possession of stolen property in the first degree and 19 counts of criminal possession of stolen property in the second degree relating to certain automobile components and párts recovered from their business premises.
Defendants move for an order seeking reargument of this court’s decision dated May 20, 1981, heretofore denying a motion seeking an order to suppress physical evidence and to controvert a search warrant. On the instant motion, this court is presented with the determination of the constitutionality of section 436 of the New York City Charter.
Section 436 of the New York City Charter entitled: “Powers over certain trades” provides: “The commissioner shall possess powers of general supervision and inspection *489 over all licensed or unlicensed pawnbrokers, vendors, junkshop keepers, junk boatmen, cartmen, dealers in second-hand merchandise and auctioneers within the city; and in connection with the performance of any police duties he shall have power to examine such persons, their clerks and employees and their books, business premises, and any articles of merchandise in their possession. A refusal or neglect to comply in any respect with the provisions of this section on the part of any pawnbroker, vendor, junkshop keeper, junk boatman, cartman, dealer in secondhand merchandise or auctioneer, or any clerk or employee of any thereof shall be triable by a judge of the criminal court and punishable by not more than thirty days’ imprisonment, or by a fine of not more than fifty dollars, or both.”
Defendants ask this court to declare section 436 of the New York City Charter unconstitutional on the asserted ground that it is void for vagueness vesting unfettered discretion in the Police Commissioner the power to search and supervise junkyards. Defendants further contend that their business is not one of those pervasively regulated ones permitting warrantless searches and that the statute is too inclusive of too many known nonclosely regulated industries.
This court begins by noting that a strong presumption of constitutionality attaches to all legislation, local or otherwise, and this is coupled with the further presumption that the Legislature has investigated and found the facts necessary to support the legislation. One attacking the constitutionality of legislative enactment must demonstrate their invalidity beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333.) “[I]t is a well-established rule that a court of original jurisdiction should never declare a law unconstitutional unless such conclusion is inescapable.” (People v Elkin, 196 Misc 188, 193; Bohling v Corsi, 204 Misc 778, affd 306 NY 815), and the tendency is to leave such questions to appellate tribunals (City of New Rochelle v Echo Bay Waterfront Corp., 182 Misc 176, affd 268 App Div 182, affd 294 NY 678). “Particularly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare *490 cases where life and liberty is involved and invalidity of the act is apparent on its face” (National Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, 725-726, affd 10 AD2d 688, affd 8 NY2d 197, app dsmd 365 US 298).
In considering the attack leveled against section 436 permitting an inspection of junkyards by the Commissioner of Police, this court starts with the undeniable fact that the only limitation imposed by the Constitution upon such inspections is that they be reasonable, the touchstone of the Fourth Amendment being a proscription against unreasonable searches and seizures.
Defendants argue that the instant statute is simply a device to circumvent the constitutional requirement of heretofore stated reasonable searches and seizures.
The police power is very broad and comprehensive and in its exercise the conduct of an individual and the use of property may be regulated so as to interfere to some extent with the freedom of the one and the enjoyment of the other. However, for the exercise of such police power to be valid, there must be a reasonable connection between it and the promotion of the health, comfort, and safety and welfare of society. There can be no doubt that the State has a legitimate interest in supervising businesses such as the defendants, which has unquestionably been pervasively regulated. (People v Tinneny, 99 Misc 2d 962.)
No new or additional facts have been presented to the court.
During oral argument of the instant motion, the defendants placed reliance upon the recent case of People v Camme (NYLJ, Nov. 2, 1981, p 16, col 2) as being persuasive with respect to a decision in their favor. It is this court’s view that the defendants’ reliance upon People v Camme (supra) is misplaced. The facts in that case are distinguishable from the one before the court, and, in addition, the constitutionality of section 436 was not challenged in Camme.
A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice as to what is required and/or forbidden. A reading of section 436 adequately meets these requirements.
*491 With respect to the unbridled discretion on the part of the Police Commissioner to inspect and supervise junkyards, the statute does meet the “time, place and scope” guideline enunciated in United States v Biswell (406 US 311, 315) in that such inspections and/or supervisory searches are limited by subdivision d of section B32-132.0 of the Administrative Code of the City of New York to reasonable times.
As previously stated in the court’s original decision denying the motion to suppress evidence seized and to controvert the search warrant, this court unquestionably concluded that junkshops dealing in automotive parts are, in fact, pervasively regulated. (See People v Tinneny, supra, p 969, n 2.)
This court is of the opinion that within the context of a regulatory inspection system of pervasively oriented businesses such as junkshops dealing in automotive parts, the legality of a search limited in time, place and scope is not dependent upon actual consent but on the authority of a valid statute. (See United States v Biswell, supra.)
The regulatory scheme of the junkyard industry in this city was reviewed and upheld by this court in People v Tinneny (supra). The ratio decidendi in that decision was that when a person chooses to engage in a pervasively regulated business, such as auto junkyards, he chooses so with the knowledge that his business will be subject to an effective inspection and supervision (United States v Biswell, supra) and consequently his or their consent to warrantless searches may be implied.
Defendants further contend that the penalty provision contained in section 436, providing for fine and/or imprisonment upon a refusal or neglect to comply with the provisions of that section, precluded a non-consented-to entry into the yard.
The court finds no merit to this argument. A reading of section 436 makes it clear that while a violation of its provisions may subject the violator to fine or imprisonment, it is not the exclusive remedy, nor does it vitiate the provisions authorizing an unconsented-to inspection of the business premises.
*492 On the constitutional question before this court, it is concluded that the defendants have not established the constitutional invalidity of section 436 of the New York City Charter, placed in issue.
The motion to reargue is granted and upon reargument, the original decision denying the motion is adhered to.