OPINION OF THE COURT
Jones, J.
 A defendant by a plea of guilty does not forfeit the right on appeal from the conviction to challenge the constitutionality of the statute under which he was convicted. On review of this defendant’s conviction under that principle, we hold the village ordinance prohibiting mere possession in a public place of an open or unsealed container of an alcoholic beverage, without requiring proof of any intent to consume, unconstitutional.
On June 15, 1981 defendant was arrested and charged with violation of section 39-3 of the Village of Monticello Code which provides: “No person shall have in his possession, within the Village of Monticello, an open or unsealed bottle or container of an alcoholic beverage while such person is in any public place, including but not limited to any public highway, public street, public sidewalk, public alley, public parking lot or area, except for locations licensed for the sale of alcoholic beverages by the State of New York and the De Hoyos Park pavillion area, when such area is being used with the approval of the village authorities involved.” Following denial by the Village Justice Court of defendant’s motion to dismiss the charge on the ground that section 39-3 of the code is unconstitutional, defendant pleaded guilty. On appeal Sullivan County Court affirmed the judgment of conviction.
At the outset we address the question whether, by his plea of guilty, defendant has forfeited his right to appellate review of his challenge to the constitutionality of the code provision under which he was charged. There can be no doubt that such a plea constitutes an effective judicial *494 admission by a defendant that he committed the acts charged in the accusatory instrument and waives such trial rights as the privilege against self incrimination, the right to trial by jury, and the right to confront one’s accusers (Boykin v Alabama, 395 US 238, 243; People v Lynn, 28 NY2d 196, 201-202) (i.e., rights going to the establishment of the factual elements of the crime charged). A plea of guilty, however, is in no way inconsistent with the contention that, conceding commission of all the acts charged, the provision of statute or ordinance which proscribes the particular conduct as criminal is nonetheless unconstitutional. Thus, in People v Whidden (51 NY2d 457) we recognized the right of a defendant on his plea of guilty expressly to reserve his right to raise arguments that the statute under which he was convicted was unconstitutional, there the so-called statutory rape laws. Again, and more recently, we observed that the doctrine of forfeiture of appellate review in consequence of a guilty plea would not necessarily extend to a reservation of the right to contest the constitutionality of the statute under which a defendant had been convicted (People v Di Raffaele, 55 NY2d 234, 240-241 — in the context of criminal usury statutes). We now recognize the general principle that pleading guilty to a charge (irrespective of whether there is any attempt at reservation of the issue for appellate review) does not of itself foreclose appellate attack on the constitutionality of the statute under which the charge was laid, and hold that in this instance, while defendant’s plea forecloses any assertion that on June 15, 1981 he did not “have in his hand a can of beer with a straw in it [or] hand the same to second subject named (Albert Woodward) who drank from same and threw on [the] ground”, as charged in the accusatory instrument, it did not operate to forfeit his right to challenge the constitutionality of the Monticello code provision.*
*495 We turn then to the provisions of the code in question. The Village Justice Court upheld the statute as a reasonable exercise of the municipal police power as to which there was no pre-emption by State laws or regulations under the Supreme Court’s recognition of the States’ absolute power to bar the sale of alcoholic beverages in New York State Liq. Auth. v Bellanca (452 US 714). Apparently recognizing the insufficiency of that analysis, County Court sustained the ordinance by reading the section “to prohibit possession with the intent of the possessor or another to consume in one of the proscribed public places” (emphasis in original). Whatever might be judged to be the constitutionality of an ordinance so drafted, it suffices for present purposes to note that the provision now before us prescribes no such element of intent. We are called on to pass on the constitutionality of the provision as enacted, not as it might have been drafted.
“[I]n order to be upheld as constitutional, a law which places some restriction upon an individual’s freedom of action in the name of the police power must bear some reasonable relation to the public good.” (People v Pagnotta, 25 NY2d 333, 337; see, also, People v Uplinger, 58 NY2d 936; People v Onofre, 51 NY2d 476, 492; People v Bunis, 9 NY2d 1, 4-5). While reasonable regulation of the possession of alcoholic beverages might be upheld, outright proscription as criminal of possession only of a container of an alcoholic beverage has not been shown to bear a reasonable relation to the public good. Consumption in public may be an activity subject to criminal proscription but no reasonable argument could be advanced to support a proscription against public possession alone which, if uniformly en *496 forced, would effectively foreclose the acquisition of all alcoholic beverages for all purposes.
Nor is the ordinance in this case saved by the fact that all that is proscribed is possession of alcoholic beverages in “open or unsealed” containers. The condition of openness in itself in no way threatens the public good, as the County Court recognized when it imported an intent to consume in public. While, of course, a container must be opened or unsealed to permit consumption, it cannot be presumed that every opening or unsealing is for the purpose of direct human consumption or least of all for the purpose of direct human consumption in a public place.
Absent any legislative findings or other demonstration that there exists a reasonable relation between mere possession of an opened or unsealed container of an alcoholic beverage and the public good, we conclude that the Monticello ordinance cannot withstand constitutional scrutiny. The proscription strikes down what may well be innocuous behavior and undertakes to make criminal conduct which would not carry the slightest taint of corruption or impropriety and which a person of ordinary intelligence would not perceive as criminal (cf. Papachristou v City of Jacksonville, 405 US 156).
Accordingly, the order of the County Court should be reversed, the judgment of conviction vacated, and the accusatory instrument dismissed.

 People v Thomas (53 NY2d 338) should not be read as suggesting a contrary view. The statute whose constitutionality defendant there sought to challenge following a conditional plea of guilty was one which provided a means of establishing his commission of the proscribed criminal conduct — i.e., subdivision 3 of section 265.15 of the Penal Law, under which the presence in an automobile of certain specified weapons gives rise to a presumption of possession by the vehicle’s occupants. We there took note of the fact that the issue which defendant had sought to save for review concerned “only the sufficiency of conceded facts to support a judgment of conviction”, and cautioned that our decision in the case was limited to the particular issues sought to be preserved “leav[ing] for-another day consideration of other permutations of the problem” (p 344). Thomas is *495 thus of a kind with Boykin v Alabama (395 US 238) and People v Lynn (28 NY2d 196), addressing as it does the effect of a plea of guilty on conditional rights incident to a trial. The present case, raising a constitutional challenge to an aspect of defendant’s conviction quite discrete from the establishment of his commission of the conduct proscribed by the statute, is one of the permutations foretold in Thomas.
We further observe that we have recognized the procedural ability of a sophisticated defendant to preserve constitutional issues for appellate review by the device of admitting only the commission of the acts on which the criminal charge is based, preceding a nonjury verdict of guilty (People v Onofre, 51 NY2d 476, 483; see, also, People v Shepard, 50 NY2d 640, 643-644). When another procedural means is available to achieve the same end, there is added reason to reject any contention that pleas of guilty forfeit the right to raise such constitutional issues on appeal.