OPINION OF THE COURT
Leon A. Beerman, J.
The defendant, Frank Salamino, is charged in the indictment with criminal possession of stolen property in the first degree and illegal possession of a vehicle identification number plate in violation of sections 165.50 and 170.70 of the Penal Law. The defendant has moved for an order precluding the People from introducing any evidence obtained as a result of a search of the defendant’s premises. Additionally, defendant asks the court to find section 436 of chapter 18 of the New York City Charter unconstitutional, both as drawn and as applied in the instant case.
Pursuant to CPL 710.20 a Mapp hearing (Mapp v Ohio, 367 US 643) was conducted by this court on August 30, 1983. The People called one witness, Police Officer Bernard Gambino; the defendant testified in his own behalf. The court finds the testimony of the witnesses to be candid and credible, unmarked by any serious inconsistency. After due consideration of the credible testimony adduced at the hearing, the court makes the following findings of fact and conclusions of law.
*1047 FINDINGS OF FACT
On February 21, 1983, at about 5:15 p.m., Officer Gambino, accompanied by four brother officers, entered onto the commercial property of the defendant, Frank Salamino, located at 101-14 99th Street in the County of Queens. The defendant rented the property to C&J Auto Body, which maintains an auto repair shop on the premises.
Once inside, the officers told Mr. Salamino that they were there to do an inspection of the premises and requested the defendant’s books and permits pertaining to the business. The defendant referred the officers to the license affixed to the wall and informed them that the business was a licensed repair shop and did not have or need a police book. The evidence indicated that defendant maintains a secondhand dealer’s business at his home, for which a police book and permits are required, and that his police book was at that location.
Although the officers issued no summons to the defendant for failing to produce the police book, they proceeded to conduct an inspection of the premises. At the very outset of the investigation the officers walked over to a Cadillac Eldorado, parked in the premises near the office, and checked the vehicle identification number (VIN). The inspection revealed that the VIN plate had been taken off since having been originally installed by the manufacturer and the defendant was then placed under arrest.
The People contend that the search was made with the consent of the defendant and that in any event a warrant-less search of the premises was authorized by section 436 of chapter 18 of the New York City Charter.
The defendant’s contention is twofold: (1) that the search of the premises was warrantless and nonconsensual and thus was violative of his constitutional rights and (2) that section 436 of chapter 18 of the New York City Charter, relied upon by the police as authorization for the warrant-less search and seizure, is unconstitutional, both as drawn and in the manner applied in this instance.
CONCLUSIONS OF LAW
It is axiomatic that all evidence obtained in violation of the Constitution is by that same authority inadmissible in a State court. (Mapp v Ohio, 367 US 643, supra.)
*1048 Under the Fourth Amendment, as applied to the States by the Fourteenth Amendment, warrantless and nonprobable cause searches are per se unreasonable and in violation of a defendant’s constitutional rights in the absence of a “few specifically established and well [developed] exceptions.” (Katz v United States, 389 US 347, 357; Coolidge v New Hampshire, 403 US 443.)
One of those recognized exceptions is a voluntary consent to search. (People v Hodge, 44 NY2d 553; People v Singleteary, 35 NY2d 528.) The burden of proving the voluntariness of the consent is upon the People and that burden has repeatedly been described as a heavy one. (Bumper v North Carolina, 391 US 543; People v Whitehurst, 25 NY2d 389; People v Kuhn, 33 NY2d 203.)
In the instant case the credible evidence indicated that the officers were driving past the defendant’s premises on their way back to the station house when they decided to check the premises out. All five officers entered together, dressed in plain clothes, approached the defendant and identified themselves as police officers. They then informed the defendant that they were there to do an inspection of the premises.
At this point there is a divergence in the testimony, to wit: Officer Gambino testified that after the above statement was made defendant said “okay”; however the defendant testified that the officers never asked his permission to search, but that immediately after making the statement the officer went over to the Cadillac and started inspecting it. It is uncontroverted that defendant was never informed that he had a right to refuse the search.
When it is alleged that defendant has waived a basic constitutional right, the court “[must] indulge every reasonable presumption against the * * * [waiving] of such rights”. (People v Rivera, 90 AD2d 778, 779.) “[M]ere submission to authority is not voluntary consent, nor can such consent be found from a failure to argue with the officer (People v Gorsline, 47 AD2d 273).” (People v Rivera, supra, p 779.)
Although consent will not be invalidated based upon the police officer’s failure to inform the defendant he has a right to refuse the search (United States v Mendenhall, 446 *1049 US 544; United States v Matlock, 415 US 164), under the totality of the circumstances the People have not carried their “heavy” burden of proving the voluntariness of the defendant’s consent.
Having failed to show that the defendant consented to the search the People have the burden of going forward to show the legality of the police conduct. (People v Allende, 39 NY2d 474.)
In that regard the People rely upon section 436 of chapter 18 of the New York City Charter as authorization for the police officer’s warrantless search of the defendant’s premises.
Section 436 of the New York City Charter entitled: “Powers over certain trades”, provides: “The commissioner shall possess powers of general supervision and inspection over all licensed or unlicensed pawnbrokers, vendors, junkshop keepers, junk boatmen, cartmen, dealers in second-hand merchandise and auctioneers within the city; and in connection with the performance of * * * police duties he shall have power to examine such persons, their clerks and employees and their books, business premises, and any articles of merchandise in their possession. A refusal or neglect to comply in any respect with the provisions of this section on the part of any pawnbroker, vendor, junkshop keeper, junk boatman, cartman, dealer in secondhand merchandise or auctioneer, or any clerk or employee of any thereof shall be triable by a judge of the criminal court and punishable by not more than thirty days’ imprisonment, or by a fine of not more than fifty dollars, or both.”
In light of defendant’s contention that section 436 is unconstitutional both on its face and as applied to the facts herein, the court notes that the statute has previously been declared constitutional on its face by another lower court in this State (People v Pace, 111 Misc 2d 488). However, in Pace the court had before it a junkyard dealer, one of the trades specifically named in the section, and not an auto repair shop.
Upon examining the legislative memoranda relating to section 436, this court is of the opinion that auto repair shops do not fall within the categories enumerated in the statute. Auto repair shops are regulated by the Depart *1050 ment of Motor Vehicles, a State agency, pursuant to the “Motor Vehicle Repair Shop Registration Act” (Vehicle and Traffic Law, § 398 et seq.). This act authorizes the commissioner of the department to grant and revoke certificates of registration and to inspect the premises and records of auto repair shops. Therefore any local legislation granting police officers similar inspection rights is preempted by the Motor Vehicle Repair Registration Act. (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99.)
The authority upon which the People relied for the warrantless search having been held inapplicable to the case at bar, the People have failed to carry their burden.
Accordingly, defendant’s motion to suppress is granted.