OPINION OF THE COURT
Herbert J. Lipp, J.
The defendant in the instant proceeding was charged pursuant to a simplified information with the offense of having beer in his possession in the Jones Beach State Park, in violation of park regulation 9 NYCRR 415.2, adopted by the Long Island State Park, Recreation and Historic Preservation Commission pursuant to Parks, Recreation and Historic Preservation Law § 7.11 (2). The defendant now moves for an order dismissing *939 the simplified information on the ground that the aforesaid regulation is unconstitutional, in accordance with the holding of the Court of Appeals in People v Lee (58 NY2d 491 [1983]).
On April 29, 1985, this court issued an interim order directing the defendant to serve photocopies of all papers in this action upon the Regional Director of the Long Island State Park, Recreation and Historic Preservation Commission, for the purpose of allowing the Commission to file amicus curiae briefs addressing the background and validity of regulation 415.2, with which directive the defendant complied. In the absence of a response from the Commission and based upon the language of the regulation as promulgated, the court is constrained to find that the regulation is unconstitutional.
The regulation under challenge (9 NYCRR 415.2) provides as follows: "No person shall, except under or by virtue of a special permit or license issued by the commissioner, bring into any park or have in his possession in any park any beer or other alcoholic beverage, other than those purchased at a controlled sale at a park refreshment stand, except that beer, wine, and other alcoholic beverages for temperate and personal use of patrons 19 years of age or older shall be permitted in camping areas of Wildwood State Park, Hither Hills State Park and Heckscher State Park.”
The defendant contends that because the regulation proscribes the possession of beer or other alcoholic beverage without requiring intent to consume such beverage, it is unconstitutional pursuant to People v Lee (supra). The People argue, first, that the Court of Appeals holding in People v Lee did not address the regulation at issue and must be limited to its facts, and second, that the instant motion to dismiss is not the proper vehicle for testing the constitutionality of the regulation.
Contrary to the latter contention, a dismissal motion is authorized by CPL 170.30 (1) (a) and 170.35 (1) (c) as a means for challenging the constitutionality of a statute under which a defendant is being prosecuted. Constitutional questions should not be reached unless there is a need for their determination to resolve the issue at hand and the question is squarely presented. (Comiskey v Arlen, 43 NY2d 696; Matter of Peters v New York City Hous. Auth., 307 NY 519.) The instant dismissal motion directly challenges the constitutionality of park regulation 415.2, making a determination thereof both necessary and unavoidable.
*940 Any legislative enactment which is challenged on constitutional grounds is afforded a strong presumption of constitutionality. (People v Pagnotta, 25 NY2d 333; Cook v City of Binghamton, 48 NY2d 323.) This presumption attaches to all legislation, local or otherwise. (People v Pace, 111 Misc 2d 488.)
Moreover, the court is aware of the guiding principle that a court of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable. (People v Cornish, 104 Misc 2d 72; People v Ryals, 100 Misc 2d 551; McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].) While the challenge to the regulation at issue herein appears to be of first impression, this court nevertheless concludes that the regulation must be found unconstitutional in light of People v Lee (supra).
The defendant in People v Lee (supra) was charged with violation of a village ordinance prohibiting the possession of an open or unsealed container of an alcoholic beverage in any public place except for licensed bars and a specific village park pavillion area. The Court of Appeals held that the ordinance, by proscribing the mere possession of an open container of alcoholic beverage without specifically requiring the intent to consume such beverage, could not withstand constitutional scrutiny. The fact that the ordinance was limited to the public possession of open containers was not sufficient to import the intent to consume in public (People v Lee, 58 NY2d 491, 496, supra.) In so holding, the court explained, "The proscription strikes down what may well be innocuous behavior and undertakes to make criminal conduct which would not carry the slightest taint of corruption or impropriety and which a person of ordinary intelligence would not perceive as criminal (cf. Papachristou v City of Jacksonville, 405 US 156).” (Supra, p 496.)
Park regulation 415.2 bears a striking similarity to the ordinance held unconstitutional in People v Lee (supra). The regulation similarly prohibits the mere possession in any park of any alcoholic beverage, without requiring the intent to consume such beverage in the park. If anything, the ordinance in Lee must be considered more restricted in its application, limiting its prohibition to the public possession of open containers only.
Furthermore, the park regulation not only prohibits the bringing into or possession in the parks of any alcoholic *941 beverage, but at the same time permits possession of the same beverage if it has been purchased at a park refreshment stand. By making the mere possession of a can of beer a criminal offense because it has been purchased outside the park rather than at the park, the regulation criminalizes conduct which a person of ordinary intelligence would not perceive as criminal. (See, Papachristou v City of Jacksonville, supra; People v Lee, supra.)
A law which places restriction upon an individual’s freedom of action in the name of the police power must bear some reasonable relation to the public good in order to be upheld as constitutional. (People v Pagnotta, 25 NY2d 333, 337, supra.) No such relation has been demonstrated here. Even if the prohibition of possession of any alcoholic beverage, unless purchased from a park refreshment stand, is seen as intended to prevent public disorder and not merely to protect the economic interests of the refreshment concessions, the regulation’s failure to prescribe the element of intent to consume such beverage in the park still renders it unconstitutional pursuant to People v Lee (supra). The court may not infer intent in order to salvage an otherwise invalid provision. (People v Lee, supra, p 495.)
Accordingly, defendant’s motion to dismiss the simplified information is granted.