THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN J. BUCKLEY, Defendant.

District Court of Nassau County, Second District, January 5, 1989

### APPEARANCES OF COUNSEL

*Baram & Kaiser (David Baram* of counsel), for defendant. *Ronald J. Levinson, Town Attorney (John J. O'Grady* of counsel), for plaintiff.

### OPINION OF THE COURT

JAMES H. MADDEN, J.

#### FACTS

The defendant, John J. Buckley, resides within the Atlantic Beach Estates Park District, an unincorporated area of the Town of Hempstead on Nassau County's south shore. As a resident, defendant is entitled to use all public facilities within the Park District, including the Atlantic Beach Estates Park District Beach Club (herein referred to as the Beach Club). The Town of Hempstead established this special Park District, and operates and controls the Beach Club pursuant to section 78-30 of the Code of the Town of Hempstead (herein referred to as the Town Code). The Town of Hempstead has

established rules and regulations with regards to the use of the Beach Club property by a resident of the Park District. (Code of Town of Hempstead § 78.31.)

The Town of Hempstead has charged the defendant by information with violations of section 78-41 of the Town Code. Section 78-41 provides that "No furniture, beach chairs, umbrellas, food or beverages shall be brought in or upon the club premises, except as provided by the concessionaire, Director or employees of the Town of Hempstead."

Section 78-55 of the Town Code makes it a criminal offense to violate section 78-41, which violation is punishable by a $250 fine, or up to 15 days' imprisonment, or both.

The defendant has been charged with violating that part of section 78-41 of the Town Code prohibiting the use of beach chairs without the approval of the concessionaire. The defendant is married, with nine children. On four separate occasions, the defendant brought his own beach chairs to the Beach Club. The People state that the Town of Hempstead has a long-standing exclusive contract with the concessionaire who operates the food, beverage and beach chair concession. The concessionaire has the sole right to rent beach chairs to the local residents using the Beach Club. Defendant alleges that the seasonal rental per chair is $35. Defendant is married with nine children. A season at the beach could cost him $385 for chairs alone.

The defendant has made a motion to dismiss the information pursuant to CPL 170.30 upon the grounds that the part of section 78-41 of the Town Code prohibiting the use of beach chairs is unconstitutional since it violates the Due Process Clause of article I, § 6 of the NY Constitution.

### DECISION

Section 6 of article I of the NY Constitution contains the Due Process Clause which provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Legislative enactments in furtherance of the police power of a municipality are presumed to be constitutional. *(Lighthouse Shores v Town of Islip,* 41 NY2d 7 [1976].) Substantive principles of due process require that the legislative enactment have a reasonable relation to a proper governmental purpose so as not to constitute an arbitrary exercise of governmental powers. *(First Broadcasting Corp. v City of Syracuse,* 78 AD2d 490 [1981].) "Legitimate governmental

goals are those which in some way promote the public health, safety, morals or general welfare" *(Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 507 [1978]).

Legislative enactments that have been scrutinized and invalidated by the Court of Appeals under the Due Process Clause generally fall into two categories. The first category involves municipal ordinances that have been struck down where the regulation functions as a prohibition. In *Defiance Milk Prods. Co. v Du Mond* (309 NY 537 [1956]), the Court of Appeals invalidated an ordinance which required that condensed or evaporated milk must be sold only in 10-pound containers. The court reasoned that the minimum weight requirement of the ordinance effectively interdicted retail sales for household use. The Court of Appeals also held in *Trio Distrib. Corp. v City of Albany* (2 NY2d 690 [1957]) that a municipal law prescribing that retail ice cream trucks each carry two attendants to enhance the safety drawn to its wares was irrational. The court held that the mandated method of implementing the safety goal was too prohibitively expensive, and too dubiously related to the goal it was intended to serve.

The second category of cases involve municipal laws that have been invalidated because the statute created a prohibition of an activity and the prohibition is so excessive that it interdicts otherwise legitimate activity. In *People v Bunis* (9 NY2d 1 [1961]), the Court of Appeals struck down as unconstitutional a statute, which, in order to proscribe illicit traffic in magazines returned for credit, indiscriminately criminalized the sale of any magazine without a cover. These means were held to be too broad-sweeping. Similarly, in *People v Scott* (26 NY2d 286 [1970]), the court held that a local town law, which forbade the storage of disabled motor vehicles on any open land, was entirely too broad to be justified by purely aesthetic concerns.

More recently, in *People v Lee* (58 NY2d 491 [1983]), the Court of Appeals held that a village ordinance prohibiting mere possession in a public place of an open or unsealed container of an alcoholic beverage, without requiring proof of any intent to consume, was unconstitutional. The court found that there was an absence of any legislative findings or any other demonstration that there exists a reasonable relation between mere possession of an open container of an alcoholic beverage and the public good. "The proscription strikes down what may well be innocuous behavior and undertakes to make criminal conduct which would not carry the slightest taint of

corruption or impropriety and which a person of ordinary intelligence would not perceive as criminal". *(Supra,* at 496.)

The Court of Appeals decision in *People v Lee (supra)* is a departure from the presumption established by the court in *Lighthouse Shores v Town of Islip* (41 NY2d 7, *supra),* that the legislative body has investigated and found the need or desirability of a particular statute. The court will scrutinize statutes regulating economic and noneconomic activity and require some legislative finding to support the existence of a particular law.

In the instant case, the defendant has challenged that part of section 78-41 of the Town Code which prohibits the use of beach chairs that are not rented by the concessionaire. The court may not consider the constitutionality of the entire statute, but must focus its analysis to the specific portion challenged by the defendant. *(Parker v Levy,* 417 US 733 [1974]; *People v Mancuso,* 255 NY 463 [1931]; *Hauser v North British & Mercantile Ins. Co.,* 206 NY 455 [1912].) To test the constitutionality of this statute, the court must apply the rational basis standard, as previously discussed above. The burden of proving, by beyond a reasonable doubt, the irrationality of section 78-41 of the Town Code is upon the defendant. *(Lighthouse Shores v Town of Islip, supra.)*

The court finds that the part of section 78-41 of the Town Code regulating the use of beach chairs at the Beach Club by the concessionaire is an unreasonable use of police power since it violates the Due Process Clause of article I, § 6 of the NY Constitution. The People contend that the Town of Hempstead's regulation of beach chairs at the Beach Club, by using a concessionaire with an exclusive contract to rent beach chairs, is rational since it protects the health and welfare of the local residents. The People further state that due to the increasing difficulty confronting municipalities in obtaining liability insurance, the regulation of beach chairs is necessary. The People allege that under the present regulation, the Town of Hempstead is able to control the number of beach chairs on the beach. The chairs rented by the concessionaire are suitable for use, whereas the residents might bring beach chairs which would cause injury to the unwary user.

Although the People state that the subject law is necessary to avoid injuries and lawsuits, the fact remains that of the other public beaches operated by the Town of Hempstead, *none* has any similar restrictions on beach chair use. The

People offer no evidence whatsoever to explain the necessity for a restriction on privately owned beach chairs only at the Beach Club. There is no evidence that there ever had been any beach chair-related injuries at the Beach Club, or at any other public beach operated by the Town of Hempstead. Furthermore, the court fails to see how safety is the goal of section 78-41 of the Town Code. The People do not claim that the Town of Hempstead actually inspects the rental chairs issued by the concessionaire, or that the Town of Hempstead actually controls the number of chairs issued by the concessionaire. The People have presented no evidence documenting any inspection or numerical control over the beach chair concessionaire.

The People claim that section 78-41 of the Town Code relates to the difficulty in obtaining liability insurance. However, the subject law became effective in 1963, which was long before the current trend of rising insurance rates, and there is no evidence that the law had any impact on municipal insurance rates. Finally, the Town of Hempstead could incur greater liability under the existing law if an individual is injured using beach chairs issued by the beach concessionaire.

The instant case is a hybrid of the two categories of cases discussed above where the Court of Appeals has invalidated legislation as violating the Due Process Clause of the NY Constitution. First, the statute's mandated method of implementing the safety goal is prohibitively expensive to local residents, and is too dubiously related to the goal it was intended to serve. *(See, Trio Distrib. Corp. v City of Albany,* 2 NY2d 690 [1957], *supra.)* Secondly, the prohibition created by the statute is so excessive that it interdicts otherwise legitimate activity. Section 78-41 of the Town Code makes the private use of a beach chair at the Beach Club a criminal offense if it has been purchased outside the Beach Club rather than rented from the concessionaire. The law criminalizes innocuous conduct "which would not carry the slightest taint of corruption or impropriety and which a person of ordinary intelligence would not perceive as criminal". *(See, People v Lee,* 58 NY2d 491, *supra.)* Furthermore, there is an absence of any legislative finding or any other demonstration by the People that there exists a reasonable relation to the prohibition established by section 78-41 of the Town Law, and the public good. Consequently, the court must find that the part of section 78-41 of the Town Code that prohibits the use of beach

chairs is unconstitutional, and constitutes an arbitrary abuse of the police powers of the municipality.

In conclusion, the court finds the case of *People v Furlong* (70 NY2d 756 [1987]), in which the Court of Appeals upheld the Appellate Term's finding that a similar law, involving alcoholic beverages at a State beach, was unconstitutional, is dispositive of the issues in this case. By any standard, a beach chair is more innocuous than an alcoholic beverage.

For all of the above reasons, the court finds that the defendant has met the burden of proving that section 78-41 of the Town Code, relating to the prohibition of beach chairs, is unconstitutional. Accordingly, the defendant's motion for an order dismissing the information is hereby granted. The defendant's other requests have been rendered moot by this order.