OPINION OF THE COURT
Thomas F. Liotti, J.
The defendant received an appearance ticket charging him with "open container possession.” The ticket, issued to the defendant on or about January 27, 1993, in the vicinity of Powells Lane and Rockland Street, within the Incorporated Village of Westbury states, more specifically, that the defendant is accused of violating Village and Town of North Hemp-stead ordinances. However, only the pertinent Village Code section is cited, to wit: section 26A-3 (A), which provides as follows: "Unless otherwise authorized by the Code of the *558 Village of Westbury, and except as hereinafter provided, no person shall have in his possession an open bottle, can or other container containing any alcoholic beverages in or on any public place in the Village of Westbury or in a motor vehicle, as defined by the Vehicle and Traffic Law, which is parked or moving on or over a public place. This subsection shall not apply within the specific confines of those premises duly licensed for the sale and consumption of alcoholic beverages on the premises or within and on private property that is not a public place as defined in § 26A-2 of this chapter.”
In reviewing the applicable definitions within section 26A-2 of this chapter, alcoholic beverages "include any liquid intended for human consumption containing more than one-half of one percent (1/2 of 1%) by volume of alcohol (ethanol).”
The definitions also provide that a public place includes a road or sidewalk within the Village and not on private property. The location of the occurrence appears to be on a "public place" as defined by the Code. The supporting deposition by the police officer issuing it states: "I observed the defendant at the stated place, date and time ~in possession of an opened 12 oz. can of Tecate Beer with intent to drink same.' "*
The defendant comes before the court pro se. At the time of arraignment, the defendant was prepared to enter a plea of guilty to the charge. The court spent at least 20 minutes advising the defendant of his rights and answering his questions. The court expressed its concern relative to the legality of the law in question and advised the defendant that it would seek a memorandum of law from the prosecutor regarding the constitutionality of the law before rendering a decision. The defendant then pleaded not guilty.
One question is presented by this ticket. Is this so-called "open container” law constitutional or does it impermissibly offend the Fifth Amendment of the United States Constitution?
*559 After this arraignment the court wrote a letter to the prosecutor posing questions and suggesting, in pertinent part, as follows: "I would be most interested in your legal memo on these subjects, together with anything that you may offer me with respect to the legislative history of the law, which was apparently enacted in 1978. I also note that the police officer issuing this ticket has alleged a violation of the Town of North Hempstead Code, without citing the analogous section from that Code that was allegedly violated. Nonetheless, if the law in Westbury is to any extent a replication of the Town of North Hempstead law, I would be interested in knowing that and also, to what extent that ordinance has been challenged on the aforementioned points and the result of those cases, if any.” The Village Prosecutor has responded by a letter dated May 20,1993, as follows:
"Chapter 26A of the Westbury Code, entitled 'Open Beverage Containers’ was enacted as Local Law No. 4 on August 17, 1978 at the recommendation of the Nassau County Police Department, with the basic provisions worded according to that Department’s recommendation. Section 26A-3 thereof prohibits any person, except as otherwise permitted, to have in his possession an open bottle, can or other container containing any alcoholic beverages in or on any public place (as defined in § 26A-2) or in a motor vehicle (except a public bus).
"A review of the applicable case law shows that the Court of Appeals, in People v. Lee, 58 N.Y.2d 491, 462 N.Y.S.2d 417 (1983) held unconstitutional a similar provision of the Code of the Village of Monticello which also prohibited possession of an open alcoholic beverage container in a public place without specific reference to intent to consume. Speaking for the majority in a divided court, Judge Jones observed (495-496)
" 'We turn then to the provisions of the code in question. The Village Justice Court upheld the statute as a reasonable exercise of the municipal police power as to which there was no pre-emption by State laws or regulations under the Supreme Court’s recognition of the States’ absolute power to bar the sale of alcoholic beverages in New York State Liq. Auth. v. Bellanca (452 US 714). Apparently recognizing the insufficiency of that analysis, County Court sustained the ordinance by reading the section "to prohibit possession with the intent of the possessor or another to consume in one of the proscribed public places” (emphasis in original). Whatever might *560 be judged to be the constitutionality of an ordinance so drafted, it suffices for present purposes to note that the provision now before us prescribes no such element of intent. We are called on to pass on the constitutionality of the provision as enacted, not as it might have been drafted.’
" ' "[I]n order to be upheld as constitutional, a law which places some restriction upon an individual’s freedom of action in the name of the police power must bear some reasonable relation to the public good.” (People v. Pagnotta, 25 N.Y.2d 333, 337; see, also, People v. Uplinger, 58 N.Y.2d 936; People v. Onofre, 51 N.Y.2d 476, 492; People v. Bunis, 9 NY2d 1, 4-5). While reasonable regulation of the possession of alcoholic beverages might be upheld, outright proscription as criminal of possession only of a container or an alcoholic beverage has not been shown to bear a reasonable relation to the public good. Consumption in public may be an activity subject to criminal proscription but no reasonable argument could be advanced to support a proscription against public possession alone which, if uniformly enforced, would effectively foreclose the acquisition of all alcoholic beverages for all purposes.’
"Chief Justice Cooke dissented, asserting that no basis existed for holding the ordinance constitutionally infirm.
"Westbury’s open beverage container law, like Monticello’s, prohibits the carrying of an open container of alcoholic beverage in certain public places without reference to any specific intent that possessor consume such beverage. Therefore, it falls under the same constitutional proscription as found in People v. Lee (supra).
"Accordingly, prosecution of the instant case is not warranted and I hereby request that it be calendared so a motion to dismiss can be made pursuant to CPL § 170.35”.
The Lee case (supra) is clearly the seminal case for purposes of our discussion. In Lee (at 496) the Court further held that:
"Nor is the ordinance in this case saved by the fact that all that is proscribed is possession of alcoholic beverages in 'open or unsealed’ containers. The condition of openness in itself in no way threatens the public good, as the County Court recognized when it imported an intent to consume in public. While, of course, a container must be opened or unsealed to permit consumption, it cannot be presumed that every opening or unsealing is for purpose of direct human consumption or least of all for the purpose of direct human consumption in a public place.
*561 "Absent any legislative findings or other demonstration that there exists a reasonable relation between mere possession of an opened or unsealed container of an alcoholic beverage and the public good, we conclude that the Monticello ordinance cannot withstand constitutional scrutiny. The proscription strikes down what may well be innocuous behavior and undertakes to make criminal conduct which would not carry the slightest taint of corruption or impropriety and which a person of ordinary intelligence would not perceive as criminal (cf. Papachristou v City of Jacksonville, 405 US 156).”
The Lee case (supra) has been followed throughout the State of New York since the Court of Appeals ruling in 1983. For example, in People v Furlong (129 Misc 2d 938 [Nassau Dist Ct 1985], affd as academic 70 NY2d 756 [1987] [by amendment of Long Island State Park regulation to require proof of intent to consume]), Judge Lipp followed the holding in Lee, noting in his decision that the Court of Appeals in Lee held that: "[T]he ordinance, by proscribing the mere possession of an open container of alcoholic beverage without specifically requiring the intent to consume such beverage, could not withstand constitutional scrutiny. The fact that the ordinance was limited to the public possession of open containers was not sufficient to import the intent to consume in public” (129 Misc 2d, at 940).
More to the point is the holding in People v Elhage (147 AD2d 911 [4th Dept 1989]). There the similar "Open Container” law of the City of Fulton, but containing the phrase "with the intent to consume the same,” was held constitutional, upon the legislative finding "that the consumption of alcoholic beverages in public streets is detrimental to the public good and that there is a significant relationship between the possession of an open container in a public place with the intent to consume the same and the consumption of alcohol in a public place.” (Supra, at 911.)
In Elhage (supra, at 911), the Court concluded: "We reject defendant’s contention that the ordinance is unconstitutional. Unlike the ordinance found unconstitutional in People v Lee (58 NY2d 491), this ordinance does not prohibit the possession in a public place of all open containers containing alcohol, but only prohibits such possession 'with the intent to consume the same.’ Although the Court of Appeals declined to answer the question whether an ordinance so drafted would be constitutional, we conclude that the inclusion of the language requir *562 ing an intent to consume validates this ordinance. Following the Court of Appeals suggestion in People v Lee (supra, at 495), the City Council of the City of Fulton, in adopting the ordinance, made legislative findings that the consumption of alcoholic beverages in public streets is detrimental to the public good and that there is a significant relationship between the possession of an open container in a public place with the intent to consume the same and the consumption of alcohol in a public place. In view of these legislative findings, we cannot say, as the Court of Appeals said in People v Lee (supra, at 495), that the ordinance in question does not bear some reasonable relation to the public good.”
In People v Buckley (142 Misc 2d 262 [Nassau Dist Ct 1989]), my esteemed colleague, Judge James H. Madden, of the Nassau County District Court, was confronted with a Town of Hempstead statute which made it a criminal offense to use a beach chair at an Atlantic Beach beach club, if it was purchased outside of the beach club, rather than rented from the authorized concessionaire. In referring to the Lee and Furlong cases (supra), Judge Madden struck down the Town of Hemp-stead law as unconstitutional. Judge Madden concluded in referring to Lee (supra): "The court found that there was an absence of any legislative findings or any other demonstration that there exists a reasonable relation between mere possession of an open container of an alcoholic beverage and the public good.” (Supra, at 264.)
Therefore, the prosecution’s application will be granted for the reasons set forth therein, and the ordinance is herewith and hereby struck down as unconstitutional. Neither the holding of the Court in Lee (supra), nor the ordinance in issue allow for a severability analysis here. In the absence of at least the mention of the word "intent” within the ordinance, as well as a demonstrated relationship to the public good, visá-vis legislative history, this court is duty bound to follow the decisions of this State’s highest Court in People v Lee (supra.)
The Village Clerk is directed to remove the ordinance from the Village Code and the Clerk of this court is directed to provide copies of this decision to the Village Clerk, as well as the Police Department of the County of Nassau.
Accordingly, the local ordinance is declared unconstitutional and this case is dismissed.

 The court notes that the Town of North Hempstead Code has no application to the Incorporated Village with respect to this particular issue. Any inadequacies in the Village ordinance cannot be overcome by the police officer’s efforts to supplant it by referring to the North Hempstead Code on the ticket, since it has no application inside an incorporated village or city, "except as otherwise specifically provided by [State] statute.” (Town Law § 132; see also, Municipal Home Rule Law § 10 [1] [ii] [a] [11] [a] [limiting town’s power to enact laws for unincorporated areas].) In addition, the police officer’s artful draftsmanship of the supporting deposition by the use of the word "intent” thereon cannot legally supersede or cure the lacuna of the existing ordinance.