◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PIMENTEL, Appellant. [53 NYS3d 262]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 25, 2014, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the first degree as a crime of terrorism, and sentencing him, as a second felony offender, to a term of 16 years, unanimously affirmed.

Although defendant made a valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]), we find that his challenges to the statute defining "a crime of terrorism" (Penal Law § 490.25 [1]) are within the category of claims that are "unwaivable as part of a plea bargain," and thus survive the appeal waiver (*People v Muniz*, 91 NY2d 570, 574 [1998]; *see also People v Lee*, 58 NY2d 491, 494 [1983]). While we find that all of defendant's claims were preserved by way of motion practice, we reject them on the merits.

Defendant has not met his burden of showing a "clear and unambiguous" congressional intent to preempt state legislation in the field of counterterrorism (*People v Kozlowski*, 47 AD3d 111, 117-118 [1st Dept 2007], *affd* 11 NY3d 223 [2008], *cert denied* 556 US 1282 [2009]). The statute is not expressly preempted by 18 USC § 2338, which states that federal district courts have exclusive jurisdiction over actions brought under 18 USC part I, chapter 113B. Although Penal Law § 490.25 (1) uses language substantially identical to the federal definition of "domestic terrorism" (18 USC § 2331 [5]), the Penal Law provision is a separate statute limited to the commission of enumerated state offenses.

Defendant also fails to establish implied federal preemption of state counterterrorism laws. Since a local community will typically be the most directly affected by a terrorist attack there (*see Automobile Workers v Wisconsin Employment Relations Bd.*, 351 US 266, 274-275 [1956]), the "federal interest" in counterterrorism is not "so dominant" as to "preclude" local enforcement of state laws against attempts to commit terrorist attacks (*Arizona v United States*, 567 US 387, 399 [2012]). Moreover, Congress has not enacted "a framework of regulation so pervasive" as to leave "no room for the States to supplement it" (*id.* [internal quotation marks omitted]). This is evident from the strong federal policy of cooperating with state and local governments to combat terrorism (*see e.g.* 42 USC § 3796h [b] [4]).

The statute is not unconstitutionally vague in proscribing the "intent to intimidate or coerce a *civilian population*" (Penal Law § 490.25 [1] [emphasis added]), in light of the Court of Appeals' construction of the emphasized phrase in *People v Morales* (20 NY3d 240, 247-249 [2012]). Defendant's arguments that the statute is unconstitutionally vague in using the phrase "unit of government" among other terms are likewise unpersuasive (*see People v Stuart*, 100 NY2d 412, 420-422 [2003]; *see also Holder v Humanitarian Law Project*, 561 US 1, 20-21 [2010]).

We also reject defendant's challenges to the statute under the Free Speech Clause of the First Amendment and article I, § 8 of the New York Constitution. We are unpersuaded by defendant's argument that the statute amounts to an impermissible content-based restriction of speech by increasing the felony level and sentencing range imposed on those who commit an enumerated criminal offense with the "intent to intimidate or coerce a civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the

conduct of a unit of government by murder, assassination or kidnapping" (Penal Law § 490.25 [1]). Such heightened punishment for defendant's admitted intent of, among other things, influencing the United States government's foreign policy by building and possessing a pipe bomb does not infringe his right to free speech (*see Wisconsin v Mitchell*, 508 US 476, 479 [1993]). Moreover, defendant's argument that the statute is overbroad in chilling political speech is unavailing, since any overbreadth is not "substantial . . . in relation to the statute's plainly legitimate sweep" (*Broadrick v Oklahoma*, 413 US 601, 615 [1973]) of prohibiting criminal conduct perpetrated with an intent commonly associated with terrorism (*see Wisconsin v Mitchell*, 508 US at 488-489).

Defendant's valid waiver of his right to appeal forecloses his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.