■ ROBERT NELSON et al., Doing Business as BRIDON REALTY CO., Respondents, v. PAUL F. MUNDT et al., Constituting the Town Board of the Town of Clarkstown, et al., Appellants.— In an action to declare a certain local law unconstitutional, defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County, entered December 13, 1968, which granted plaintiff's motion for summary judgment. Order affirmed, with $10 costs and disbursements. Plaintiffs are the owners of a large shopping center in New City, Town of Clarkstown, Rockland County. In front of the businesses in plaintiffs' shopping center is a substantial parking area. Adjoining plaintiffs' northern boundary is a considerably smaller shopping center. Its parking area, located next to that of the plaintiffs, is comparatively modest in size. Traffic is fed into both shopping centers by a State highway, Route 304, which runs along their eastern boundaries. In 1966, the Town Board of the Town of Clarkstown enacted, as Local Law No. 2, a "local law providing for the construction, repair and maintenance of shopping center parking areas." In 1967, the Town Board enacted the local law here in question, as Local Law No. 6, which, in part, amended the 1966 law by adding the following provision: "Every owner shall maintain that portion of his property bordering adjacent shopping centers free from any artificial physical separations, such as walls, rails, fences or berms, except as approved by an official town body, such as the planning board, zoning board of appeals, building inspector or police department, so as to permit the easy and unobstructed flow of pedestrian and vehicular traffic between adjacent shopping centers." Without deciding whether the 1967 law is unconstitutional because it deprives plaintiffs of their property without due process of law, we conclude that the 1967 law is unconstitutional for want of defendants' legislative authority to enact it (see N. Y. Const., art. IX, § 2; Municipal Home Rule Law, § 10, subd. 1, par. [ii], cl. a, subcls. [6], [11]). The Town Board has not been authorized to legislate, concerning traffic between adjoining private parcels of land; hence, it cannot assert its police power in justification of the 1967 law (see *People* v. *Lewis*, 295 N. Y. 42, 49; *Good Humor Corp.* v. *City of New York*, 290 N. Y. 312). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.