Andrew J. Di Paola, J.
By this proceeding, pursuant to CPLR article 78, petitioner purports to seek judgment (erroneously designated “ order ”), declaring Local Law No. 6 of 1971 *1003 of the Village of Freeport and Special Order No. 8 of the Free-port Police Department issued thereunder, illegal and compelling respondents to refrain from using so-called special policemen pursuant to said local law. Pursuant to CPLR 103 (subd. [e]) this proceeding is treated as an action for a declaratory judgment for the said relief.
The respondents have moved for judgment dismissing the petition for insufficiency (CPLR 3211, subd. [a], par. 7) or, in the alternative, for summary judgment (CPLR 3212). The latter relief is granted.
The gist of the petitioner’s contention is that section 189-a of the former Village Law, containing provisions relating to the appointment and powers of special policemen, was omitted from the new Village Law which became effective September 1, 1973 and that, therefore, such policemen are no longer authorized.
While it is true that the current Village Law does not contain provision for the appointment of special police, the Municipal Home Rule Law, specifically section 10 (subd. 1, par. [ii], cl. a, subcl. [12]) thereof, authorizes the enactment by villages of local laws for the “ protection, order, conduct, safety, health and well-being of persons or property ’ ’ within their boundaries. The local law involved in the instant action is not unique. At least three other villages in the County of Nassau, to wit, Garden City, Hempstead and Malverne, have adopted local laws modifying or superseding the provisions of section 189-a of the former Village Law. The local legislative bodies of two of those villages specifically cited as authority therefor the Village Home Rule Law, one of the predecessors of the Municipal Home Rule Law.
The absence of provision for the appointment of special police in the currently effective Village Law is not fatal to the local law under attack in this action. The distribution table in the present Village Law (McKinney’s Cons. Laws of N. Y., Book 63, Village Law, p. IX) itself notes that “ The word ‘ Omitted ’ indicates that the former Village Law section has not been included in the revision because it has no further utility, or because it duplicates a provision in another body of law.” This is not equal to repeal and the respondents ’ authority and power to act in the premises are fully preserved in the Municipal Home Rule Law.
The respondents are entitled to judgment declaring that Local Law No. 6 of 1971 and Special Order No. 8 of the Freeport Police Department are valid and effective.