Burton Ledina, J.
In each of the cases considered herein, the defendant has moved to dismiss upon the grounds that the ordinance, the violation of which the defendants stand charged, is a nullity by virtue of the contentions, first, that the municipality was without authority and jurisdiction to *582 enact the same, and second, that the municipality lacked any legitimate purpose or police power to enact such ordinance and, third, that the ordinance deprives the defendant of due process of law under the State and Federal Constitutions.
On July 19, 1971 the Board of Trustees of the Village of Monticello enacted Ordinance No. 3.21.1 and on January 5, 1976, said board recodified the village laws, incorporating said ordinance in the new code as section 39-1 of chapter 39 and it reads as follows: "No person shall drink or consume an alcoholic beverage on any public street, public sidewalk or public parking area within the Village limits of the Village of Monticello.”
Section 39-2, taken together with section 1-18, provide for punishment for a violation of such ordinance of a fine not to exceed $250 or by imprisonment for a term not exceeding 15 days or by both such fine and imprisonment.
On June 18, 1976 at 270 Broadway in the Village of Monticello, at about 3:00 p.m. it is alleged that the defendant, said Samuel Finch, drank wine from a one pint bottle while standing on a public sidewalk.
On July 2, 1976 at Prince Street in the Village of Monticello, at 8:45 a.m. it is alleged that the defendant Edward Evasko consumed an alcoholic beverage in a public place within the village limits.
The New York State Constitution provides in section 2 of article IX that:
"(c) In addition to powers granted in the statute of local governments or in any other law, (i) every local government shall have power to adopt and amend local laws not inconsistant with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistant with the provisions of this constitution or any general law relating to the following subjects * * *
"(10) The government, protection, order, conduct, safety, health and well-being of persons or property therein”.
Section 10 of the Municipal Home Rule Law provides:
"1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
"(i) every local government shall have power to adopt and amend local laws not inconsistant with the provisions of the *583 constitution or not inconsistant with any general law relating to its property, affairs or government and,
"(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistant with the provisions of the constitution or not inconsistant with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such local law relating to other than the property, affairs or government of such local government:
"a. A county, city, town or village; * * *
"(11) The protection and enhancement of its physical and visual environment.
"(12) The government, protection order, conduct, safety, health and well-being of persons or property therein.”
Section 4-412 of the Village Law provides: "1. General Powers of the Board of Trustees. In addition to any other powers conferred upon villages, the Board of Trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistant with the provisions of the Constitution, and not inconsistant with the general law except as authorized by the municipal home rule law, which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, confort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, and the preservation and protection of public works”.
Defendants contend that the ordinance violates the due process clause of the Federal and State Constitutions. As to this, the rules are clear. "Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of the necessary factual support for its provisions (Borden’s Co. v. Baldwin, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N.Y. 545, 555, affd. 244 U. S. 367) and *584 only when unconstitutionality is shown beyond a reasonble doubt (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79; Matter of Fay 291 N. Y. 198, 206, 207). But, for all that, due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Jacobs, 98 N. Y. 98, 100; Fisher Co. v. Woods, 187 N.Y. 90; Nebbia v. New York, 291 U. S. 502). And even though a police power enactment may have been or may have seemed to be valid when made, later events or later discovered facts may show it to be arbitrary and confiscatory (Abie State Bank v. Bryan, 282 U. S. 765, 772).” (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 540-541.)
Under the statutes above quoted, the village has broad power to regulate the use of the village streets, sidewalks and parking areas and to provide, by local law, for the good government of the village and the preservation and promotion of the health, safety and general welfare of its inhabitants. Local laws are valid which have a substantial relation to matters within the field where legislative power is vested in the local legislative body of the village by the Constitution and statutes of New York. They must be reasonably calculated to achieve a legitimate public purpose. (Good Humor Corp. v City of New York, 290 NY 312.)
"Any use of the streets, and certainly any use of the streets for a private business purpose, which interferes unduly with the use of the streets by others for travel, may doubtless be prohibited, in proper case, by the Legislature.” (Good Humor Corp. v City of New York, supra, p 317; People v Cook, 34 NY2d 100.)
Aesthetic considerations and the appearance of the community have long been held proper subject of legislative concern in enacting laws designed to promote health and safety. It was stated in Dowsey v Village of Kensington (257 NY 221, 230) that "aesthetic considerations are, fortunately, not wholly without weight in a practical world.”
The Court of Appeals has held that reasonable legislation designed to promote aesthetics is a valid and permissible exercise of the police power. (People v Stover, 12 NY2d 462, app den 375 US 42.)
Whether a statute or ordinance should be voided should depend upon whether the restriction was an arbitrary and irrational method of achieving an attractive, efficiently func *585 tioning prosperous community — and not upon whether the objectives were primarily aesthetic. (People v Stover, supra.)
An increasing number of cases from other jurisdictions recognize that aesthetic considerations alone may warrant an exercise of the police power. (People v Stover, supra.)
The statute in question does not refer itself to intoxication, but to consumption and it does not direct itself to the consumption of any beverage, but to alcoholic beverages only. Moreover, all consumption is not prohibited, but only that which occurs on a public street, public sidewalk or public parking area. Nothing therein prohibits the public consumption of nonalcoholic beverages. Nothing therein prohibits the consumption of alcoholic beverages on private property, in a bar or in fact in any public building or other place other than a public street, public sidewalk or public parking area. (Cf. Nelson v Mundt, 32 AD2d 951, affd 27 NY2d 515, striking down an ordinance purporting to regulate traffic between adjoining private shopping center parking lots.)
Furthermore, the ordinance is unambiguous and leaves no question as to what conduct is prohibited.
The fact that under State law, public intoxication resulting from consumption of alcohol has been removed as an infraction of law, or that the State has pre-empted the field in the regulation of the sale and distribution of alcoholic beverages does not prohibit the enactment of an ordinance such as the one in question. The village, in enacting such ordinance, has dealt with consumption of such beverages, not with becoming intoxicated thereon, nor with the sale or distribution thereof. The statutes of the State are silent on the subject of the ordinance as they are, for example, on zoning matters. Hence it cannot be said that the village was prohibiting that which the State has specifically permitted. (See Matter of Kress & Co. v Department of Health, 283 NY 55; cf. Robin v Incorporated Vil. of Hempstead, 30 NY2d 347; People v Judiz, 38 NY2d 529; City of Lyons v Suttle, 209 Kan 735.)
The ordinance is a reasonable exercise of the municipal police power. In the light of local circumstances and community setting, the village board might reasonably determine that the conduct prohibited would be unnecessarily offensive to the visual sensibilities as well as the safety, comfort and general welfare of its citizens and inhabitants and would materially and economically detract from the community or *586 impair good order or adversely affect trade. (Village Law, § 4-412; Suddell v Zoning Bd. of Appeals, 36 NY2d 312.)
The wisdom of the ordinance is not in question for that is a matter reserved for the village board in its discretion.
Accordingly, the motion is in all respects denied.