Daniel J. Loughlin, Esq. Village Attorney Village of Babylon
You have asked whether the Village of Babylon may issue bonds for approximately $200,000 in order to repair the facade of 152 privately-owned condominiums in the Village. The facade of the condominiums, which were built in 1973, is in a state of serious disrepair and is a major eyesore to the community.
We find no statutory authority which would enable the Village of Babylon to issue bonds to pay for repair of the facade.
The Village Law does authorize villages to make improvements which are initially financed by borrowing money and ultimately paid for by special assessments against the property benefited (see, e.g., § 22-2200). However, this authority is limited to improvements specifically authorized by the Village Law. (See, e.g., § 6-622 [grading and paving of village streets]; § 11-1108 [water system]; § 12-1204 [lighting system]; § 14-1412 [sewer system].) There is no authority in the Village Law which would enable the Village of Babylon to repair the facade of the condominiums and then assess the cost of such repair by special assessments against the property benefited. Moreover, a bond issue to repair condominiums would not comply with sections 10 and 11 of the Local Finance Law which govern the proper purposes and procedures for incurring indebtedness.
The Board of Trustees of the Village of Babylon could, however, request a special act giving it authority to raise funds to repair the facade. This, of course, raises the issue of the constitutionality of an act authorizing the Village to assume responsibility for the repair of privately-owned property. See New York State Constitution, Article VIII, §§ 1 and 2.
Article VIII, section 1 of the New York State Constitution prohibits a village from giving or lending its credit to private individuals. Article VIII, section 2 prohibits a village from contracting indebtedness except for a village purpose. In order to avoid these constitutional constraints, the Village of Babylon must establish that the repair of the facade constitutes a village — that is a public — purpose and that the owners of the facade will benefit only incidentally from the improvement.
The concept of what constitutes a public purpose has been expanded significantly in recent years. See, for example, MetropolitanTransportation Authority v Village of Tuckahoe, 67 Misc.2d 895 (Sup Ct, Westchester Co, 1973) affd (no op) 38 A.D.2d 570 (2d Dept, 1971) (payment to private corporation to improve its property); Murphy v Erie County,28 N.Y.2d 80 (1971) (long-term lease of publicly-owned stadium to private corporation); Yonkers Community Development Agency v Morris, 37 N.Y.2d 478
(1975) (sale of urban renewal property obtained by condemnation to private corporation for substantially less than acquisition cost); HotelDorset Co. v Trust for Cultural Resources, 46 N.Y.2d 358 (1978) (tax exemption to museum for property to be used in part for commercial purposes to produce income). See also, our opinion of June 9, 1980 (State loan of funds to private entity to encourage group commuting); 1979 Op Atty Gen 60 (State grant to private developer to assist in preservation of a landmark city hall).
Section 10 (1) (ii) (a) (11) and (12) of the Municipal Home Rule Law provides that a village may adopt a local law for the protection and enhancement of its physical and visual environment and the protection of the property located in the village. Such authority may not be exercised in a manner which is inconsistent with any general laws. Although these provisions do not provide specific authorization for the repair of the facade, they demonstrate that aesthetic considerations and the appearance of the community may constitute valid village purposes. Moreover, reasonable legislation which is designed to promote the aesthetics of a community has been recognized as a valid and permissible exercise of police power. People v Stover, 12 N.Y.2d 462 (1963), app den 375 U.S. 42
(1963); People v Finch, 88 Misc.2d 581 (Justice Ct, Village of Monticello, Sullivan Co, 1976). See also, General City Law, § 21
(public municipal purpose and general welfare include the promotion of art and beauty).
Thus, the repair of a facade which is in a state of serious disrepair and is a major eyesore to the community may constitute a village purpose.
Moreover, if the primary purpose of the improvement is to benefit the entire village, the fact that private owners of the condominiums derive an incidental benefit will not be sufficeint to bring this undertaking within the prohibitions of Article VIII, §§ 1 and 2 (DenihanEnterprises, Inc. v O'Dwyer, 302 N.Y. 451, 458 [1951]; Hotel Dorset vCultural Resources, supra; Yonkers Community Development Agency vMorris, supra; Murphy v Erie County, supra).
We are of the opinion that the proposal to repair the facade of condominiums which has become a major eyesore to the community is not prohibited by Article VIII, §§ 1 and 2.
If your Board of Trustees proposes to request a special act from the Legislature, we recommend a comprehensive supporting memorandum demonstrating the importance of this project to the public welfare of the entire village. We also suggest that you enumerate the reasons why the condominium owners are unable to finance the repairs without the aid of the Village.
In conclusion, we find no statutory authority in the Village Law for the Village of Babylon to issue bonds to improve the facade of privately-owned condominiums. However, the Legislature by special act can authorize the Village to use its credit to make such improvements if they are made in the interest of the entire village.