George A. O'Hanlon, Esq. Village Attorney, Port Chester
You have indicated that your village's police department is governed by a special act of the State Legislature dealing with village police departments in Westchester County. You have asked whether your village by local law may establish a bureaucracy for the police department that varies from the provisions of the State act.
The employment of village police officers and the establishment, organization and operation of police departments in all villages in Westchester County are "governed solely" by the provisions of State law (McKinney's Unconsolidated Laws, § 5711-q). "Until otherwise provided by law", the police departments of such villages are to consist of a chief of police and such lieutenants, sergeants and patrolmer as may be needed (id., § 5711-q[4], [21]). You have informed us that the structure of your police department is subject to and in fact conforms with the requirements of the above-cited State law. There is a chief of police who is responsible for the day-to-day operations of the police department. The village manager is responsible for hiring and firing of police department personnel and generally performs the executive functions with respect to the police department. In place of this structure, the village would like to establish the position of commissioner of police, who would replace the chief and take over that portion of the village manager's role dealing with the police department. Thus, the commissioner of police would have responsibility for day-to-day operations of the police department and would have responsibility for the executive function with respect to the police department.
The above-cited provisions governing police departments in villages of Westchester County were added by chapter 300 of the Laws of 1939. This was prior to the extension of home rule to villages in 1940 (NY Const [1940], Art IX, § 16). Under the current Village Law, the board of trustees of a village may by resolution establish a police department (Village Law, § 8-800). The structure of such a department, however, is left for determination by the board of trustees. Thus, it appears that your village is subject to an archaic act, illustrating the tendency at the time to control specifically municipal functions and operations. The current Village Law recognizes the granting of home rule to villages and establishes general standards to be implemented by villages using their extensive home rule powers.
In our view, the Village of Port Chester in Westchester County may enact a local law establishing the position of commissioner of police with the above-described powers. Under Article IX of the New York State Constitution, local governments have power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law, relating to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of their officers and employees (Art IX, § 2[c][i] and [ii][1]; Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). A "general law" for home rule purposes is defined as "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (NY Const, Art IX, § 3[d][1]; Municipal Home Rule Law, § 2[5]). Under this definition, the State act governing police departments in villages in Westchester County is a special, rather than a general law (Municipal Home Rule Law, § 2[12]). Thus, assuming that the village has home rule powers to determine the structure of its police department, the local law need not be consistent with the special State act.
In our view, determination of the bureaucratic structure of a village police department, establishment of positions and defining the powers and duties of these positions are matters within the "affairs and government" of the village (id., § 10[1][i]; N Y Const, Art IX, § 2[c][i]). Additionally, under Municipal Home Rule Law, § 10(1)(ii)(a)(1) (see, also, N Y Const, Art IX, § 2[c][ii][1]), the village has considerable authority to establish and structure local positions. In previous opinions of this office, we have recognized the authority of municipalities to establish and structure police departments through the adoption of local laws (1982 Op Atty Gen [Inf] 80; 1980 Op Atty Gen [Inf] 269; see, also, Matter of Metzgar v Elar, 78 Misc.2d 1002 [Sup Ct, Nassau Co, 1974]). Also, the courts have recognized the extensive home rule authority of local governments with respect to local offices and positions (Resnick v County of Ulster, 44 N.Y.2d 279 [1978]).
In our view, the structure of village police departments in Westchester County is not a matter of State concern.* Control over local positions is a matter that historically and under current home rule authority is within the powers of local governments (Resnick v County ofUlster, supra). Further, the fact that most villages in this State have flexibility in establishing the structure of their village police departments is inconsistent with the concept that this subject is a matter of State concern (compare Matter of Kelley v McGee, 57 N.Y.2d 522
[1982]).
We conclude that the village of Port Chester in Westchester County may by local law establish the position of commissioner of police in place of the police chief, and thereby supersede the special State act governing village police departments in Westchester County.
* The State Legislature is unrestrained and unhampered by the home rule provisions of the Constitution when dealing with matters of State concern (Adler v Deegan, 251 N.Y. 467, 483-484 [1929]; N Y Const, ArtIX, § 3[a][3]). State laws that involve matters of State concern may not be superseded by local law (Firefighters Assn. v N.Y. City,50 N.Y.2d 85 [1980]).