■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC T. ELHAGE, Appellant.—Judgment unanimously affirmed. Memorandum: The Open Container Law of the City of Fulton provides in part that "any person who * * * has in his possession any open bottle or container containing alcoholic beverages with the intent to consume the same while such person is upon any public sidewalk, street, highway, parking lot or other such public land, shall be guilty of a violation of this ordinance." We reject defendant's contention that the ordinance is unconstitutional. Unlike the ordinance found unconstitutional in People v Lee (58 NY2d 491), this ordinance does not prohibit the possession in a public place of all open containers containing alcohol, but only prohibits such possession "with the intent to consume the same." Although the Court of Appeals declined to answer the question whether an ordinance so drafted would be constitutional, we conclude that the inclusion of the language requiring an intent to consume validates this ordinance. Following the Court of Appeals suggestion in People v Lee (supra, at 495), the City Council of the City of Fulton, in adopting the ordinance, made legislative findings that the consumption of alcoholic beverages in public streets is detrimental to the public good and that there is a significant relationship between the possession of an open container in a public place with the intent to consume the same and the consumption of alcohol in a public place. In view of these legislative findings, we cannot say, as the Court of Appeals said in People v Lee (supra, at 495), that the ordinance in question does not bear some reasonable relation to the public good.

We find that the other issues raised by defendant lack merit. (Appeal from judgment of Oswego County Court, Hurlbutt, J.—endangering the welfare of a child, and other

charges.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.