OPINION OF THE COURT
Thomas F. Liotti, J.
The defendant is charged with a violation of New York State Vehicle and Traffic Law § 402 (1) in that he allegedly failed to have a front plate on his car as it was parked in the *234 commuter lot at Scally Field within the Incorporated Village of Westbury. The defendant appeared pro se. The Village was represented by Stephen K. Malone, Esq., its prosecutor.
Vehicle and Traffic Law § 402 provides, in relevant part, as follows: "1. No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner and a set of number plates.”
The defendant has conceded ownership of the vehicle and that it was driven by him, on the day the ticket was issued. Had he not conceded these matters, then the People may have failed in meeting their burden of proof.
In other respects, during the trial an issue evolved concerning the legal right of the Village’s employee to issue a "Parking Ticket” to the defendant. The court has requested that the Village prosecutor provide him with the legal authority allowing this employee to issue this ticket. The People rely upon article V, §§ 1-9 and 1-10 (c) of the Westbury Village Code. Section 1-9 provides: "The purpose of this local law is to authorize certain Village employees, hereinafter designated, to issue and serve appearance tickets, returnable in local criminal courts, with respect to designated offenses of less than felony grade, upon persons when such Village employees have reasonable cause to believe that such persons have committed one (1) or more misdemeanors or petty offenses in the presence of any such Village employees.”
Several questions arise from a reading of the Village’s law. First, nowhere does Westbury Village Code § 1-9 refer to "Parking Tickets.” Second, although we are a "local criminal court” (see, CPL 10.10 [3] [e]), a violation of Vehicle and Traffic Law § 402 (1) is not a "petty offense”, albeit it may be construed as an "Offense”. (See, CPL art 20; Penal Law § 10.00.) Third, the court finds that the within "parking ticket” alleging a violation of State not local law (for which there is no analogous provision) is not an "accusatory instrument” as defined in CPL 1.20. Our "Parking Enforcement Officer” is not a peace officer as defined in CPL 2.10 (1). The Village may wish to consider creating a “Village Constable’s” position or some other reasonable facsimile as may be permitted by law. But, so far in this court’s opinion, the Village has not done that by, among other things, creating the enabling legislation and expressly stating therein the authorized powers of the "Village Constable”, etc. (See, Westbury Village *235 Code §§ 46-3, 46-4.) Lastly and arguably, this violation did not occur "in the presence of any such Village employees.”
Next, the prosecutor relies upon section 1-10 (c) of the Westbury Village Code which provides: "All code or parking enforcement officers and attendants and such other employees of the Village as the Mayor may hereafter designate from time to time, in writing filed with the Village Clerk, are hereby authorized and empowered to issue and serve parking tickets and appearance tickets for violations of any provisions of the following provisions of the Westbury Code.”
Section 1-10 (c) does not authorize Village employees to write "Parking Tickets” alleging a violation of the State Vehicle and Traffic Law. The prosecutor, aside from copies of the aforementioned sections, has not provided the court with a brief in support of his position. Furthermore, the prosecutor has failed to provide the court with a written designation from the Mayor and filed with the Village Clerk, prior to the issuance of this "Parking Ticket”, authorizing this employee to write "Parking Tickets”.
The "Parking Ticket” in issue, on its face, specifically alleges a violation of State, not local law. The Westbury Village Code, chapter 46 of its local laws, provides for the vehicle and traffic laws which the Village has arrogated to itself. Nowhere in chapter 46 is there a local law analogous to section 402 (1) of the State Vehicle and Traffic Law. This "Parking Ticket” is not an "appearance ticket” as defined in CPL 150.10. (See also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.10, at 678.)
The "Parking Ticket” has three boxes on its face. One contains a reference to "Article 46 of the Vehicle & Traffic Laws as contained in the Westbury Code.” It is not checked off. The box also contains a reference to "V & T Law of N.Y.S.” An X appears in the box directly next to this reference. Another box is followed by the reference, "Other (Specify)”. It is not marked.
The ticket also includes the following language: "The undersigned Parking Enforcement Officer accuses the person named, or registered owner of the motor vehicle recorded herein, of the following violation committed in the Village of Westbury, County of Nassau”.
Thereafter, there is a reference on the ticket in boxes to the section and subsections of the law violated. Written in those boxes is a reference to State Vehicle and Traffic Law § 402 (1). *236 Lastly, again on the face of the ticket, are a series of boxes, all delineating violations of the Village law. None of those are checked. Rather, there is one box which states "other” and next to that the "Parking Enforcement Officer” has written in "No Front Plate”. All of this indicates an allegation of a State rather than local law violation.
Finally, a question is presented as to whether a village may arrogate to itself the power to permit its "Parking Enforcement Officers” to enforce the State Vehicle and Traffic Law. Although the Village of Westbury has not given such authority to its "Parking Enforcement Officers” by the passage of a local law that would allow them to enforce the State Vehicle and Traffic Law, there is some suggestion that the Village may arrogate such powers to itself. (See, Municipal Home Rule Law § 10.) While the Municipal Home Rule Law itself does not give these express powers, opinions of the Attorney-General and State Comptroller have approved of the acquisition of some of these powers by villages. Yet, it must be emphasized that opinions of the Attorney-General and State Comptroller are advisory only and thus are not legally binding nor do they have the force and effect of statutory authority.
A village has broad power to regulate use of village streets, sidewalks and parking areas and to provide, by local law, for good government of a village and for the preservation and promotion of health, safety and general welfare of its inhabitants. (People v Finch, 88 Misc 2d 581 [1976].) While the power of villages is especially broad, its "Parking Enforcement Officers” may not extend their authority, ipso facto. By doing so they give new meaning to the phrase ultra vires, or acting beyond their power. Clearly, there is grave potential for danger in a police officer, a "Parking Enforcement Officer”, or any public official, exceeding the authority conferred upon them by law.
This court has the highest regard for village employees and this "Parking Enforcement Officer”, in particular. The court further believes that the "Parking Enforcement Officer” here acted in good faith. Unfortunately, a mistake was made, perhaps because no one has previously made an issue of this problem, aside from this court. The court believes that this case is one of State-wide first impression. Accordingly, the court does not suggest that the "Parking Enforcement Officer” here acted out of excessive zeal or an abuse of power. There was no malevolence at all demonstrated, merely an inadvertent mistake. If anything, the employee was attempting to do *237 his job diligently, all the while believing that he was empowered to write a parking ticket alleging a violation of State law. This he may not do unless expressly provided for in the Village Code. (See, Matter of Metzgar v Elar, 78 Misc 2d 1002 [1974]; 1986 Opns Atty Gen 62; 1983 Opns Atty Gen 64; 1982 Opns Atty Gen 2; 1989 Opns Atty Gen 45; 1979 Opns St Comp No. 79-476.)
If the Village of Westbury wishes to extend the power of its "Parking Enforcement Officers”, it must comply with the rigors of Municipal Home Rule Law § 10.
Therefore, for all of the reasons heretofore stated, the court finds that the Village employee issuing ticket No. B01527 was without authority to do so. Accordingly, the aforesaid ticket is dismissed.