Charles Genese, Esq. Informal Opinion Town Attorney No. 2003-13 Town of Webster 1000 Ridge Road Webster, New York 14580
Dear Mr. Genese:
You have requested an opinion regarding whether the Town may permit the consumption of alcohol on municipal property. You explained that the Town has a building facility used as a community center and a number of town parks where private groups may hold social functions. As part of these functions, the participants may wish to consume alcohol.[1] You therefore have asked whether State law prohibits the Town of Webster from permitting alcohol to be consumed on municipal property by members of the public. In the event that such alcohol consumption is permissible, you have further inquired as to whether the Town should implement a permitting process to regulate such activity.[2]
For the reasons discussed below, we conclude that State law does not prohibit the Town from permitting the consumption of alcohol on municipal property by the public. Furthermore, while the decision of whether the Town should implement a permit process for the use of alcohol on municipal property is a discretionary decision to be made by the Town, we conclude that the Town may implement such a permit process.
Analysis
I. Consumption of Alcoholic Beverages on Municipal Property
We are unaware of any provision of New York statutory law that prohibits the consumption of alcohol on municipal property. The purpose of the Alcoholic Beverage Control Law is to regulate the manufacture, distribution, and sale of alcohol. Alcoholic Beverage Control Law §2. While the Alcoholic Beverage Control Law preempts local law relating to the sale and distribution of alcohol, see DJLRestaurant Corp. v. City of New York, 96 N.Y.2d 91, 96 (2001); People v.De Jesus, 54 N.Y.2d 465, 469 (1981), the right of municipalities to regulate the consumption of alcoholic beverages in public has been recognized. People v. Finch, 88 Misc.2d 581 (Just. Ct., Sullivan County 1976) (ordinance prohibiting consumption of alcoholic beverage in specified public areas was reasonable exercise of municipal police power); see also People v. Elhage, 147 A.D.2d 911 (4th Dep't 1989) (affirming constitutionality under due process of local "open container" law); Op. St. Compt. 86-72 (1986) (regulation by State of manufacture, sale and distribution of alcoholic beverages does not preclude enactment of local law prohibiting consumption of alcoholic beverages in public places by individuals).[3] Additionally, the Town Board is generally authorized to regulate the use of municipal property, see Town Law §64(3) (the town board "[s]hall have the management, custody and control of all town lands, buildings and property of the town and keep them in good repair. . . ."). In light of this grant of authority and the recognized right of municipalities to restrict the consumption of alcohol in public, we are of the opinion that a municipality may permit the consumption of alcohol on municipal property.
II. Requiring Permit for Alcohol Consumption on Town Property
With respect to whether the Town should implement a permitting process for alcohol consumption on its property, that is a decision left to the Town Board's discretion. For the reasons discussed below, we are of the opinion that, upon the Town Board's determination that such regulation is necessary to serve a valid public purpose, the Town may institute such a permit process.
The Town Board is authorized to include provisions relating to the issuance and revocation of permits in local legislation enacted to promote the health, safety, morals, or general welfare of the community, including the protection and preservation of town property. See Town Law § 130(15). Thus, the mechanism of regulation through permit is statutorily sanctioned.
Implementing a permit process would, of course, constitute the regulation of the consumption of alcohol, as well as the regulation of the use of municipal property. The Town Board is charged with the management, custody, and care of all town lands, buildings, and property, see Town Law § 64(3), and is authorized to adopt local laws concerning the care, management, and use of its property. See N.Y. Const., art. IX, § 2(c)(6); Municipal Home Rule Law §10(1)(ii)(a)(6). The Town may also legislate with respect to the "government, protection, order, conduct, safety, health and well-being of persons or property" within the Town (often referred to as "police power"). N.Y. Const., art. IX, § 2(c)(10); Municipal Home Rule Law § 10(1)(ii)(a)(12). We believe that the authority to regulate the consumption of alcohol on town property falls within these grants of power.
These broad grants of power are not, however, unbounded. One limitation is that local legislation "must be reasonably calculated to achieve a legitimate public purpose." Good Humor Corp. v. City of New York,290 N.Y. 312, 317 (1943) (applying police power and power to regulate use of city streets). We believe that the maintenance and protection of a town community center and town parks used by the community qualifies as a valid public purpose, for which the Town Board may reasonably adopt legislation creating a permit system for the consumption of alcohol on such property. Protection of the public health and welfare is another public purpose that may support adoption of a permit system. See Peoplev. Elhage, 147 A.D.2d 911 (4th Dep't 1989) ("open container" law supported by legislative findings that consumption of alcoholic beverages in public streets is detrimental to public good); People v. Finch,88 Misc.2d 581, 585 (Just. Ct., Sullivan County 1976) ("In light of local circumstances and community setting, the village board might reasonably determine that [the consumption of alcoholic beverages in public] would be unnecessarily offensive to the . . . safety, comfort and general welfare of its citizens and inhabitants. . . ."). But see People v. Lee,58 N.Y.2d 491 (1983) (municipal ordinance prohibiting possession of open container of alcoholic beverage in public without requiring showing of intent to consume not reasonably related to public good); People v.Furlong, 129 Misc.2d 938 (Nassau Dist. Ct. 1985), order aff'd as moot,70 N.Y.2d 756 (1987) (State regulation prohibiting possession of alcoholic beverage in State park without requiring showing of intent to consume not reasonably related to public good).
In summary, we conclude that the Town may regulate the consumption of alcohol on municipal property, and may accomplish that end through a permit process.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] You have confirmed that the private groups would not be engaged in the sale or distribution (i.e., the purchase and subsequent re-sale to a retailer) of alcoholic beverages. Such activity would be governed exclusively by the Alcoholic Beverage Control Law. See infra.
[2] You have confirmed that your request is limited to these questions and does not include any liability issues relating to the consumption of alcohol on municipal property.
[3] You have indicated that the Town does not have a local law that would prohibit the consumption of alcohol on municipal property generally. Cf. Rules of City of N.Y. Dep't of Citywide Administrative Services (55 R.C.N.Y) § 1-07 (prohibiting the possession or use of alcohol on city property). The Town Code does, however, include provisions relating to the consumption of alcoholic beverages in town parks. Section 156-10(F) of the Town Code provides that "[n]o person shall bring into or drink any alcoholic liquors or beverages, including beer, in any park, except in such areas as designated by the Director. Beer may be brought into the parks for consumption at private family or social picnic parties but may not be dispensed or displayed at temporary bars or from kegs or other bulk dispensing units unless permission is obtained from the Director. Drinking alcoholic liquors or beverages, including beer, is prohibited in the parking lots and rights-of-way within any park."