OPINION OF THE COURT
John B. Garrity, J.
The defendant has moved by way of notice of omnibus motion dated October 17, 2008 supported by the affirmation of David S. Martin, Esq., seeking various forms of relief. The People have opposed, by way of “Affirmation in Answer to Defendant’s Notice of Motion” supported by the affirmation of Paul Ackermann, Esq., Assistant Corporation Counsel, dated October 28, 2008. Having read and duly deliberated on the aforementioned motion and the People’s response thereto, this court finds and determines the matter as follows:
Defendant is charged with three counts of violating the “open container” law in violation of Poughkeepsie City Code § 14-19, a violation, said offense having occurred on two separate dates (July 29, 2008 and August 29, 2008).
1. The defendant’s request seeking to dismiss the accusatory instrument on the basis that it does not meet the requirements of an information is denied. An accusatory instrument will be dismissed as facially insufficient only if it fails to allege non- *542 hearsay facts of an evidentiary nature that support or tend to support each and every element of the offenses charged and the defendant’s commission thereof. (CPL 100.15 [3]; 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) An information is sufficient on its face only if it contains nonhearsay factual allegations which, if true, establish every element of the offense and provide reasonable cause to believe the defendant committed the offense charged. (CPL 100.15 [3]; 100.40 [1] [b], [c]; People v Casey, 95 NY2d 354 [2000].) Here, all of the elements necessary to sustain a challenge to the form and content of an information and a simplified information are met including the fact that it contains sworn allegations of fact establishing each of the elements of the offense based upon the personal knowledge of the officers who arrested the defendant.
2. The defendant challenges the constitutionality of the city ordinance on the following grounds: (1) it is selectively enforced by city law enforcement; (2) it is vague and ambiguous; and (3) it subjects the offender to cruel and unusual punishment. In opposition, the People contend that (1) the defendant has failed to demonstrate a pattern of discrimination in the city’s enforcement of the statute that is consciously practiced by city law enforcement, citing People v Friedman (302 NY 75, 81 [1950]) and People v Elhage (147 AD2d 911 [4th Dept 1989]) in support of their position; (2) that the ordinance is not vague for it gives a person of ordinary intelligence fair notice of the contemplated conduct which is forbidden and its applicability is further clarified with the enactment of subdivision (f) of the ordinance which limits its applicability not to include any activity already regulated by the New York State Alcoholic Beverage Control Division; and (3) that the defendant has failed to demonstrate how the ordinance is cruel and inhumane.
While the defendant challenges the local ordinance on various constitutional grounds, this court is strongly persuaded by just one of the arguments advanced by the defendant — the one which contends that the ordinance violates the Eighth Amendment of the US Constitution in that its punishment is excessively harsh. Despite being impelled by this argument, this court is constrained to deny the motion in light of the fact that a penal sanction has never been struck down on the grounds of disproportionality. (People v Broadie, 37 NY2d 100, 117 [1975], citing People v Fitzpatrick, 32 NY2d 499, 509-513 [1973] [under constraint of Furman v Georgia, 408 US 238 (1972)].)
This court previously ruled in a decision and order dated June 20, 2008, that Poughkeepsie City Code § 14-19 shall be *543 deemed a “violation” for purposes of classification of the offense. (People v Tara Killeen [docket Nos. 07-42599; 07-42634; 07-43488; 07-44771; 07-44926; 07-45062; 07-45108; 07-45270]; Penal Law § 55.10 [3] [b].) In Killeen, this court further found that despite the sentencing stricture set forth in Penal Law § 70.15 (4) setting a maximum jail sentence of 15 days for violations, a violation of the open container law (City Code § 14-19) remains punishable by up to six months in jail due to the language that was kept in the Poughkeepsie City Code despite being rendered anachronistic by the subsequent adoption of the Penal Law. (Poughkeepsie City Code § 1-8; Poughkeepsie Common Council Resolution Adopting and Enacting a New Code of Ordinances for the City of Poughkeepsie § 4 [Apr. 18, 1966].) Simply stated, the penalty provision for one convicted of an open container violation in Poughkeepsie was enacted approximately one year (1966) prior to the effective date of the Penal Law (1967) (Penal Law § 55.10 [3] [b]), and while an amendment to the City Code could readily update the statute which presently imposes a démodé penalty, the authority to revise penalties does not rest with this court, rather it lies within the sole discretion of the city’s legislative body.
The defendant’s constitutional challenge is further hampered by the fact that facial challenges to statutes are disfavored because legislative enactments carry a strong presumption of constitutionality. (People v Taylor, 9 NY3d 129, 150 [2007].) Courts are bound to construe statutes as they have been drawn and are not to review the expediency, wisdom or propriety of a legislature’s actions if such matters are performed within its powers. (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639 [1944].) In order to have standing to challenge a statute as unconstitutional, a defendant must demonstrate actual or threatened injury to a protected right. (Duke Power Co. v Carolina Environmental Study Group, Inc., 438 US 59 [1978]; People v Parker, 41 NY2d 21 [1976]; People v Merolla, 9 NY2d 62 [1961].) A defendant must also establish that he has been aggrieved by the unconstitutional feature of the statute. (See County Court of Ulster Cty. v Allen, 442 US 140 [1979]; Oriental Blvd. Co. v Heller, 27 NY2d 212 [1970], appeal dismissed 401 US 986 [1971]; People v Beakes Dairy Co., 222 NY 416 [1918].)
Here, there is no actual or threatened injury that the defendant advances which gives him a demonstrated constitutional right to drink alcohol in public places. Moreover, the right of municipalities to regulate the consumption of alcoholic bever *544 ages in public has been recognized in New York State. (People v Finch, 88 Misc 2d 581 [Monticello Just Ct, Sullivan County 1976]; People v Elhage, 147 AD2d 911 [1989]; 1986 Ops St Comp No. 86-72; 2003 Ops Atty Gen No. 2003-13.) This right is underscored by the city’s right to regulate the use of municipal property and enact ordinances that tend to preserve good order, peace, health, and the safety and welfare of its inhabitants. (Second Class Cities Law § 30.) “[I]n order to be upheld as constitutional, a law which places some restriction upon an individual’s freedom of action in the name of the police power must bear some reasonable relation to the public good.” (People v Pagnotta, 25 NY2d 333, 337 [1969]; see also People v Uplinger, 58 NY2d 936 [1983]; People v Onofre, 51 NY2d 476, 492 [1980].) The court now turns to the particular constitutional challenges raised in the defendant’s motion:
a. Selective Enforcement
While the defendant asserts that he has been aggrieved by the unconstitutional enforcement of the statute in that its selective enforcement constitutes a violation of the Fourteenth Amendment, the defendant has failed to sufficiently demonstrate that a pattern of discrimination has been consciously practiced; rather he merely suggests that nonenforcement of the ordinance has occurred within the city, but this is insufficient to sustain a constitutional violation. (Yick Wo v Hopkins, 118 US 356 [1886]; People v Friedman, 302 NY 75, 81 [1950].)
b. Vague and Ambiguous
Despite the claim that the ordinance is vague and ambiguous, this court finds otherwise. The statute provides that “No person shall have in his or her possession any open container containing an alcoholic beverage in any public place with the intent to consume the same in such public place of the City of Poughkeepsie.” (Poughkeepsie City Code § 14-19 [d].) The statute includes exemptions and an applicability provision. (Poughkeepsie City Code § 14-19 [e], [f].) The statute defines public place to “include [ ] all areas of the public parks of the City of Poughkeepsie, such areas designated by the city as picnic areas, golf courses, highways, roads, streets, sidewalks and publicly owned and maintained malls.” (Poughkeepsie City Code § 14-19 [b].) It has been previously held that the reasonable regulation of the possession of alcoholic beverages is not unconstitutional; but it is only a statute which outright proscribes the possession of a container of alcohol which has been deemed unconstitutional on the basis that such a regulation fails to bear a reason *545 able relation to the public good, because if uniformly enforced, it would prohibit the acquisition of all alcoholic beverages for all purposes. (People v Lee, 58 NY2d 491 [1983].) Here, the statute is specific and has exemptions and an applicability provision. It does not prohibit the possession of all alcohol in a public place, but only possession with the intent to consume the alcohol, and then the ordinance goes so far as particularizing what public places are covered by the ordinance. Language similar to that enacted as part of this ordinance has previously been challenged, and upheld as constitutional. (People v Elhage, 147 AD2d 911 [1989], lv denied 73 NY2d 1014 [1989]; People v Villatoro, 158 Misc 2d 557 [Westbury Just Ct 1993].)
c. Cruel and Unusual
Finally, the defendant argues that the statute imposes cruel and unusual punishment relative to the offense — the most compelling argument advanced by the defendant. The defendant is exposed to consecutive time of six months in jail on three separate counts of violating the open container law, thereby facing exposure of up to IV2 years in jail. The exposure of the defendant to such penalties weighs heavily upon this court’s conscience. Yet, however troubling the excessively harsh punishment is for this court, it is beyond the supremacy of this court to be the first and only court in this state to find a penal sanction unconstitutional on the grounds of disproportionality. (Broadie, 37 NY2d at 117.) A comparative analysis of the ordinance’s penalties demonstrates the perceived constitutional unfairness to which the ordinance subjects a defendant, and with which this court wrangled.
The Eighth Amendment prohibits the infliction of “cruel and unusual punishments.” (US Const Amend VIII; NY Const, art I, § 5.) A sentence may constitute cruel and unusual punishment if it is “cruelly excessive, that is, grossly disproportionate to the crime for which [it was] exacted.” {People v Broadie, 37 NY2d 100,125 [internal quotation marks omitted].) In determining the proportionality of a sentence, the Court of Appeals in Broadie focused upon the following factors in determining whether the statute was unconstitutional: (1) the gravity of the offense, in terms of the harm it causes society, but also in comparison to punishments for the same or similar crimes imposed in this state as well as other jurisdictions; and (2) “the character of the offender and the gravity of the threat he [or she] poses to society.” (Broadie at 113; see also Solem v Helm, 463 US 277, 290-292 [1983].) While courts possess the power to *546 strike down punishments as violative of constitutional limitations, the power must be exercised with especial restraint. (Broadie at 110.) Again, though, no punishment in this state has been struck down as unconstitutionally disproportionate to its crime, but courts have recognized the principle of gross dis-proportionality. (Broadie at 111.)
The disparity in punishment that has emerged in the current City Code, by virtue of the subsequent adoption of the Penal Law, is distinct though. An open container offense is punishable by up to six months in jail — six months less than the exposure associated with a conviction for a class A misdemeanor offense, and three months more than the exposure associated with a conviction for a class B misdemeanor offense. (Penal Law § 70.15 [1], [2].)
A review of offenses in the Penal Law most similar to an open container offense includes:
(1) Appearance in public under the influence of narcotics or a drug other than alcohol in violation of Penal Law § 240.40;
(2) Loitering in violation of Penal Law § 240.35; and
(3) Disorderly conduct in violation of Penal Law § 240.20.
All of the above offenses are classified in the Penal Law as violations, punishable by up to only 15 days in jail. (Penal Law § 70.15 [4].) Yet, having an open container of beer in the City of Poughkeepsie with the intent to consume is punishable by a much more severe penalty than more repugnant offenses in the Penal Law, such as: menacing in the third degree (Penal Law § 120.15); stalking in the fourth degree (Penal Law § 120.45); sexual abuse in the third degree (Penal Law § 130.55); criminal trespass in the third degree (Penal Law § 140.10); criminal nuisance in the second degree (Penal Law § 240.45); harassment in the first degree (Penal Law § 240.25); unlawful assembly (Penal Law § 240.10); loitering in the first degree (Penal Law § 240.36); and conspiracy in the sixth degree (Penal Law § 105.00).
The aforementioned offenses are classified in the Penal Law as class B misdemeanors, punishable by up to only three months in jail — half of the penalty for having an open container of alcohol in the City of Poughkeepsie. (Penal Law § 70.15 [2].) The disparity is striking because the penalty is inordinately disproportionate to the offense.
And yet when this court compares the penalty in other jurisdictions throughout this county and the Hudson Valley for *547 the same offense, it becomes ever more glaring that the City of Poughkeepsie’s Code has an outmoded penalty disproportionate to the crime for which it was exacted.
More specifically, the City of Kingston prescribes that a violation of the open container law is punishable by up to 15 days in jail and/or a fine of $50 to $500 for each offense. (Kingston City Code §§ 145-2, 145-5.) The Cities of Newburgh and Troy, as well as the Village of Rhineheck and the Village of New Paltz, prescribe that a violation of their open container law is punishable by up to 15 days in jail and/or a fine of up to $250. (City of Newburgh Code §§ 105-1, 105-5; City of Troy Code § 116-1; Village of Rhineheck Code §§ 29-4, 29-6; Village of New Paltz Code §§ 66-3, 66-6.) The City of Beacon’s penalty for a violation of its open container law is up to 15 days in jail and/or a fine of up to $1,000. (City of Beacon Code §§ 1-3, 79-1 — 79-5.) The City of Rye and Town of Pleasant Valley make the offense punishable by a fine only of up to $250. (City of Rye Code §§ 47-3, 47-6; Town of Pleasant Valley Code §§ 32-2, 32-5.) The Town of Poughkeepsie makes the offense, where it is committed three times in a six-month period, punishable by a fine of up to $500 and/or up to 45 days in jail. (Town of Poughkeepsie Code §§ 54-3, 54-5.) In comparing the punishment imposed for the crimes in this county and state to the punishment for the same crime in nearby jurisdictions, there is no disputing the fact that the city’s ordinance sets forth a grossly excessive punishment that is irrationally severe.
Concededly, prohibition of possession in public of an open container of alcohol is a valid exercise of the police power for the city, and such prohibitions deter and curb disorders and other related problems inherent to the consumption of alcohol in unlicensed public places. Yet the ordinance’s penalty has become outmoded with the passage of time and the subsequent enactment of the Penal Law effective in 1967. And it remains that this court is bound to exercise judicial restraint and respect the separation of powers, leaving it to the local legislative body to evaluate if the punishment that evolved out of the enactment of the Penal Law effective in 1967 is rationally related to the offense that was adopted in 1966, for historically the courts have credited the wisdom and ken of the legislature in drafting penalties proportionate to the offense for which they were exacted, and this court shall not exercise dominion beyond the threshold of its powers.
In turning to the remaining relief sought in the defendant’s motion, the court finds as follows:
*548 3. The defendant’s request for discovery and inspection is granted to the extent that there exist unanswered discovery demands. The People are reminded of their continuing obligation to comply with Criminal Procedure Law § 240.60, or otherwise face preclusion of their evidence.
4. The defendant’s request seeking to preclude the People from cross-examining the defendant on prior criminal convictions and vicious or immoral acts is denied. However, a Sandoval hearing is granted upon the consent of the People and same shall be held immediately prior to trial to determine the admissibility of such evidence in advance of trial. (People v Sandoval, 34 NY2d 371, 378 [1974].) The People are directed to notify the defendant of specific instances of his prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge which the prosecutor intends to use at trial for the purposes of impeaching his credibility immediately prior to trial. (CPL 240.43; People v Ventimiglia, 52 NY2d 350 [1981].)
5. The defendant’s request for Molineux relief is granted notwithstanding the People’s representation that they do not intend, at this time, to use any evidence that the defendant committed any other crime in their direct case or upon rebuttal. In the event the People intend to do so, the People shall disclose to the defendant uncharged Molineux crimes which the People intend to use at trial on their direct case and are directed to notify the defendant prior to said hearing of all specific instances of prior uncharged criminal, vicious or immoral conduct which the prosecutor intends to offer at trial, and shall comply with the statutory notice requirements pursuant to CPL 240.43. The People shall seek a ruling from the court prior to presenting evidence in their case-in-chief of other crimes committed by the defendant in accordance with People v Molineux, and the cases descending therefrom. (People v Molineux, 168 NY 264 [1901].)
6. The defendant’s request for leave to file additional motions is granted provided that said motions comport with the strictures of CPL 255.20.